NOT FOR PUBLICATION                                                    (Docket Nos. 40, 41, 42)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| JEFFREY ZELLER, Guardian of the Person and Estate of Shirley Zeller,   Plaintiff,   v.   J.C. PENNEY COMPANY, INC., ET AL.,   Defendants. | Civil No. 05-2546 (RBK)  **OPINION** |

**KUGLER**, United States District Judge:

Before the Court is a motion by Defendant J.C. Penney Company, Inc. ("Defendant") for summary judgment on the Complaint of Plaintiff Jeffrey Zeller, Guardian of the Person and Estate of Shirley Zeller ("Plaintiff"). For the reasons expressed below, the Court denies Defendant's motion.

**I.     BACKGROUND**

This case arises out of a slip and fall accident at the hair salon at Defendant's store in Deptford, New Jersey, on the evening of October 14, 2004. Plaintiff drove his seventy-six year-old mother, Shirley Zeller ("Ms. Zeller"), to the hair salon for an appointment with stylist Natalie DeCaro; Plaintiff did not stay with Ms. Zeller for the appointment. After hair color was applied to Ms. Zeller's hair, she was left to wait for approximately forty-five minutes while the chemical coloring processed. Ms. Zeller did not have her prescription eyeglasses with her at the

time. She was wearing a salon-provided cape to protect her clothes and person while she received salon services. While Ms. Zeller waited, DeCaro began giving another client, Christopher Bowe, a haircut. When Ms. Zeller's color had finished processing, she stood up and began to walk toward the shampoo station.[1] Almost immediately, Ms. Zeller fell and suffered a fractured left hip. She underwent surgery the following day, followed by extensive physical therapy.

Ms. Zeller filed a Complaint in the Superior Court of New Jersey, Camden County, Law Division on April 11, 2005, alleging that the accident was caused by Defendant's negligence. On May 16, 2005, Defendant removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441(a). On January 13, 2006, Ms. Zeller was evaluated by a doctor who subsequently diagnosed her with "progressive degenerative dementia." Plaintiff represents that since the October 2004 accident, Ms. Zeller's memory has deteriorated. On July 19, 2006, Ms. Zeller was declared incompetent, and on May 15, 2007, United States Magistrate Judge Ann Marie Donio ordered that the caption in this case be changed to reflect Plaintiff's guardianship of Ms. Zeller and her estate. On April 24, 2008, Defendant moved for summary judgment pursuant to Federal Rule of Civil Procedure 56.

## II.   DISCUSSION

### A.   STANDARD OF REVIEW

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 330, 106 S. Ct. 2548, 91 L.

---

[1] As will be discussed later, the parties dispute whether Ms. Zeller arose on her own or was at first helped from her seat by DeCaro, who then walked away from Ms. Zeller.

Ed. 2d 265 (1986). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the non-moving party." Anderson v. Liberty Lobby, Inc, 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her]favor." Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

B.   ANALYSIS

Plaintiff's Complaint alleges negligence on the part of the Defendant. A finding of negligence requires (1) the existence of a duty; (2) defendant's breach of that duty; (3) a showing that the breach was the proximate cause of the plaintiff's harm; and (4) actual damages. See Weinberg v. Dinger, 524 A.2d 366, 373 (N.J. 1987); Bennett v. Real Prop. Servs. Corp., 66 F. Supp. 2d 607, 614 (D.N.J. 1999). The Court notes that "New Jersey courts have demonstrated a

strong reluctance to decide issues of common law negligence as a matter of law." Cordy v. Sherwin Williams Co., 975 F. Supp. 639, 645 (D.N.J. 1997) (citations omitted).  Defendant argues that Plaintiff has not offered any evidence to substantiate any of the elements constituting Plaintiff's negligence claim.  For Ms. Zeller's claim to survive this motion for summary judgment, Plaintiff must be able to point to evidence that Defendant breached the applicable standard of care and that the breach was the actual and legal cause of Ms. Zeller's injury.

Plaintiff shows that Ms. Zeller was a patron of the J.C. Penney hair salon, and had visited that salon for beauty services prior to the evening of the accident.  Defendants owed Ms. Zeller, as a business invitee to the salon, a duty of reasonable care to guard against any dangerous conditions at the salon that Defendant either knew or should have known about.  Only to the invitee or business guest, as opposed to a licensee or trespasser, does an owner or occupier owe a duty of reasonable care to guard against any dangerous conditions on his or her property that the owner or occupier either knows about or should have discovered. That standard of care encompasses the duty to conduct a reasonable inspection to discover latent dangerous conditions. Hopkins v. Fox & Lazo Realtors, 625 A.2d 1110 (N.J. 1993) (citing Handleman v. Cox,187 A.2d 708 (N.J. 1963); Restatement (Second) of Torts § 343 (1969)).

Plaintiff has shown a genuine issue of material fact regarding Defendant's breach of its duty to Ms. Zeller.  Defendant's duty including "tak[ing] reasonable precautions to prevent the occurrence of foreseeable harm to others." Weinberg, 524 A.2d at 374.  Plaintiff contends that Defendant breached this duty by allowing Ms. Zeller to walk to the salon's shampoo station alone without her eyeglasses and while wearing the salon's cape, which Plaintiff suggests may have been too long for Ms. Zeller or not fastened properly.  Plaintiff contends that DeCaro helped Ms. Zeller get out of the chair and then allowed her to walk to the shampoo station alone,

4

a factual contention confirmed by Bowe, another patron in the salon, but denied by DeCaro. Plaintiff additionally contends that Defendant's training of its employees after the incident, demonstrates a breach of Defendant's duty, however Fed. R. Evid. 407 prohibits the use of subsequent remedial measures to prove "negligence or culpable conduct." <u>Whitehead v. St. Joe Lead Co., Inc.</u>, 729 F.2d 238 (3d Cir. 1984). The Court finds, notwithstanding the training evidence, that Plaintiff has demonstrated that there is a genuine issue of material fact as to Defendant's breach of its duty of care.

      Plaintiff has shown a genuine issue of material fact regarding the cause of Ms. Zeller's fall. Defendants allege that there is a lack of evidence showing causation, and thus no showing that Defendant was the cause Ms. Zeller's injury. However, Ms. Zeller recalled, in her account of the accident, that her feet became tangled in the salon's cape, causing her fall. Bowe testified at his deposition that he heard Ms. Zeller having difficulty getting out of the chair, and he testified that he then saw DeCaro help Ms. Zeller out of the chair and walk away from Ms. Zeller to the sink. Further, Ms. Zeller recalled DeCaro helping her from the chair, although DeCaro denies doing so. DeCaro testified that due to Ms. Zeller's age she was in need of more attention than other clients. In particular, DeCaro testified that she would walk with elderly clients, helping them from place to place in the salon. The Court finds that Plaintiff has demonstrated that there is a genuine issue of material fact regarding the cause of Ms. Zeller's broken hip.

      Although there is no question that Defendant owed Ms. Zeller a duty of care, nor that Ms. Zeller's broken hip amounts to damages in a negligence analysis, there are genuine issues of material fact as to the breach and causation elements of Plaintiff's negligence claim. Bowe and DeCaro offer conflicting accounts of the events on the evening of the accident Ms. Zeller's testimony, although it may be unavailable due to her health if this case proceeds, may reflect yet

another version of the events that will help determine whether Defendant breached the applicable standard of care and whether the breach was the actual and legal cause of Ms. Zeller's injury. Thus Plaintiffs showing has overcome Defendant's assertion that there is no genuine issue of material fact.

### III.   CONCLUSION

Because genuine issues of material fact regarding liability in negligence remain, the Court cannot conclude that Defendant is entitled to judgment as a matter of law. Defendant's motion for summary judgment is denied.


Dated:      10-6-08                                            /s/ Robert B. Kugler
                                                               ROBERT B. KUGLER
                                                               United States District Judge